UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

JAY PATTON #136193,

    Plaintiff,

v.

GINGER DAVIDSON,

    Defendant.

No.: 3:11-cv-130
(VARLAN/GUYTON)

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's complaint and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is in the custody of the Tennessee Department of Correction and housed at Morgan County Correctional Complex (MCCX). His claim concerns an incident involving the defendant that occurred on September 2, 2009, at MCCX. Plaintiff filed suit against the defendant for the violation of his civil rights in the Circuit Court for Morgan County, Tennessee. That court granted the defendant's motion to dismiss by order entered February 11, 2011; a copy of the Order of Dismissal is attached to plaintiff's complaint as Exhibit D.

Plaintiff has titled his pleading in this Court as a Notice of Appeal and states that he is appealing to this Court the order of dismissal from the Morgan County Circuit Court. Pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure, the appeal of a final judgment entered by a trial court in a civil action is to the Tennessee Court of Appeals. This Court is not the appropriate court to which an appeal may be taken from an order of the Morgan County Circuit Court and lacks jurisdiction to consider the notice of appeal. *See* 28 U.S.C. §§ 1331, 1332.[1]

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. All other pending motions are **DENIED** as **MOOT**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

---

[1] The Court notes that, to the extent the Court could treat plaintiff's action as a complaint for violation of civil rights under 42 U.S.C. § 1983, the complaint would be time-barred.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Warden of the Morgan County Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further

**DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE